# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID EUGENE ARADOZ, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 10-077-JHP-SPS |
| ROB L. PYRON and | ) |
| JUDGE GEORGE BUTNER, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on Defendant Judge George Butner's motion to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, Defendant Butner's motion and supplement, and plaintiff's responses. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief related to his criminal prosecution in Seminole County, Oklahoma. The defendants are Rob L. Pyron, plaintiff's appointed counsel, and Seminole County District Judge George Butner.

Plaintiff alleges he was denied the right to fire his appointed counsel, the right to file motions, and the right to use the law library to research and prepare his case for trial. He asks for relief in the form of terminating the services of his attorney and allowing him to use the law library to research his case in preparation for trial.

Defendant Judge George Butner has filed a motion to dismiss, alleging his only

contact with plaintiff was when he presided over plaintiff's criminal prosecution for Escape from Arrest or Detention, Burglary in the First Degree, and Kidnaping in Seminole County District Court Case No. CF-2009-100. Plaintiff was represented by Defendant Rob L. Pyron, but upon being served with process in this case, Defendant Pyron sought and was granted leave of court to withdraw as plaintiff's attorney, and substitute counsel was appointed.

Judge Butner alleges he has absolute judicial immunity from suits for damages or for injunctive or declaratory relief. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

> [T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). Furthermore, 42 U.S.C. § 1983 expressly states that "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Here, the court finds plaintiff has alleged no facts indicating Judge Butner is not entitled to absolute immunity.

Defendant Rob Pyron alleges in his Answer that he was appointed to represent plaintiff as a contractor with the Oklahoma Indigent Defense System for Seminole County. Court-appointed lawyers usually are not considered state actors for section 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Defendant Pyron, therefore, is not liable for alleged § 1983 civil rights violations.

Based on the foregoing reasons, the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 15th day of March 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma